IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT MINERLY,
#K63470,

        Plaintiff,

vs.                                             Case No. 17-cv-00520-SMY

CECIL HOLT,
KAREN KIRSCHKE,
DENISE MINOR,
JASON GARNETT,
And UNKNOWN PARTY,

        Defendants.

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

In July 2016, Plaintiff Robert Minerly, an inmate who is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that certain Big Muddy officials conspired to retaliate against him for filing a grievance pertaining to the prison's "orange crush" tactical team. *See Minerly v. Nalley, et al.,* Case No. 3:16-cv-00782-MJR-SCW ("2016 Civil Rights Action"). Plaintiff's 2016 Civil Rights Action is presently pending.

Plaintiff filed the instant action on May 16, 2017, alleging that certain Big Muddy officials have retaliated against him for filing and pursuing his claims in the 2016 Civil Rights Action. In connection with these claims, Plaintiff sues Karen Kirschke (Counselor in Charge of Aftercare Program), Cecil Holt (Psychologist and Kirschke's Supervisor), Denise Minor (Lieutenant of Internal Affairs Department), Jason Garnett (Warden) and an Unknown Party (John Doe Correctional Officers with Rank of Internal Affairs Officers). Plaintiff seeks monetary

damages and injunctive relief. Plaintiff has also filed a motion for preliminary injunction. (Doc. 9).

The Complaint is before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

On July 8, 2016, Plaintiff filed the 2016 Civil Rights Action. (Doc. 1, p. 2). Two days later, He was removed from the Voluntary Sex Offender Program ("VSOP") and transferred to

another wing of the prison. (Doc. 1, p. 3; Doc. 1-2, p. 4). A grievance attached to the Complaint provides the following additional information pertaining to Plaintiff's removal from VSOP:

> Karen Kirschke disclosed to me a barrage of inconsistencies as to why I must be removed from the program. One reason in particular piqued my curiosities as being the truth. She said and I quote, "if a certain somebody gets wind that I'm still in the program she'll be put on the spot and will have to justify it some how."

(Doc. 1-2, p. 4). The grievance further indicates that both Kirschke and Holt were involved in the decision to remove Plaintiff from VSOP. *Id.* After Plaintiff complained about being removed from VSOP, he was placed in an aftercare program that meets once a week, for an hour, in the prison chapel with Kirschke. *Id.* Plaintiff contends that he was removed from VSOP in retaliation for filing the 2016 Civil Rights Action. *Id.*

In August 2016, after an aftercare meeting had been adjourned, Plaintiff secured declarations from inmates Mike Thomas and Daniel Vanskike for use in the 2016 Civil Rights Action. *Id.* Additionally, in August 2016, Plaintiff relayed instructions to certain inmates regarding how to provide Plaintiff with declarations for use in his 2016 Civil Rights Action (Bobby Barrett was asked to give instructions to Brad Boaz and Edwin Klemm). *Id.* Kirschke and Holt learned about Plaintiff's efforts to obtain the declarations and reported his activity to internal affairs. *Id.* Thereafter, several inmates (Vanskike, Foutch, and Thomas) were reprimanded by unidentified internal affairs officers (unknown John Doe Defendants), Holt, Kirscke and Minor for providing Plaintiff with statements. *Id.* Additionally, Plaintiff and inmate Vanskike were "kicked out" of the aftercare program. (Doc. 1, pp. 3-4). Plaintiff contends his removal from the aftercare program was also an act of retaliation. Doc. 1, p. 4). As a result of this conduct, other inmates are no longer willing to provide Plaintiff with statements pertaining to his case. *Id.*

Plaintiff filed a grievance pertaining to the alleged retaliation on August 30, 2016 and mailed a copy of the grievance to Garnett. (Doc. 1, p. 5). Plaintiff's grievance was denied on September 13, 2016.[1] *Id.* Plaintiff's appeal was denied on October 17, 2016. *Id.* On October 26, 2016, Plaintiff submitted an appeal to Baldwin. Plaintiff received a final denial on April 20, 2017.

Plaintiff asserts that the retaliation is ongoing in that he is no longer a participant in VSOP or the aftercare program. (Doc. 1, pp. 5-6). He seeks monetary damages as well as prospective declaratory and injunctive relief. *Id.*

### **Dismissal of Unknown Party Defendant**

Plaintiff has named "John Doe Correctional Officers who hold the rank of Internal Affairs Officers at the Big Muddy River Correctional Center" as a single defendant. (Doc. 1, p. 2). This is improper. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. Plaintiff's claims against this group defendant are too vague to survive threshold review. He does not describe the unknown defendants with specificity or even state how many there are. He merely alleges that internal affairs officers "berated" certain inmates connected to Plaintiff's 2016 Civil Rights Action. Accordingly, the Unknown Party ("John Doe Correctional Officers who hold the rank of Internal Affairs Officers at the Big Muddy River Correctional Center") will be dismissed without prejudice.

---

[1] A grievance denial dated September 7, 2016, indicates that Plaintiff was removed from VSOP because he was "not focused on treatment." (Doc. 1-2, p. 3).

## Merits Review Under 28 U.S.C. § 1915A

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* complaint into the following enumerated counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1:** Holt and Kirschke retaliated against Plaintiff for pursuing the 2016 Civil Rights Action by removing him from VSOP.

**Count 2:** Holt, Kirschke and Minor a retaliated against Plaintiff for pursuing the 2016 Civil Rights Action by removing him from the aftercare program.

**Count 3:** Garnett failed to intervene to correct the retaliatory conduct (Plaintiff's removal from VSOP and the aftercare program).

## Discussion

### Counts 1 and 2 – Retaliation

The Complaint articulates viable First Amendment retaliation claims. To state a claim, the allegations must at least suggest that (1) Plaintiff engaged in protected First Amendment activity; (2) he suffered a deprivation that would likely deter future First Amendment activity; and (3) the protected activity caused the deprivation. *Harris v. Walls*, 604 F. App'x 518, 521 (7th Cir. 2015) (citing *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)).

In the instant case, Plaintiff engaged in protected activity when he filed the 2016 Civil Rights Action. A prisoner has a right under the First Amendment "to file his own truthful grievances and federal lawsuits." *Harris*, 604 F. App'x at 521 (citing *Hasan v. U.S. Dep't of Labor*, 400

F.3d 1001, 1005 (7th Cir. 2005)). Two days after filing the lawsuit, Holt and Kirschke removed Plaintiff from the VSOP and provided inconsistent reasons for Plaintiff's removal. Approximately one month later, allegedly as a result of having obtained affidavits for his 2016 Civil Rights Action, Plaintiff was removed from the aftercare program. The Complaint suggests that Holt, Kirschke and Minor were involved in the alleged deprivation. It is plausible that Plaintiff's removal from the therapeutic groups was motivated by a desire to retaliate against him for his 2016 Civil Rights Action. Further development of both claims will be required in order to assess whether a retaliatory motive played a role in the complained of conduct. Accordingly, Plaintiff's retaliation claims in **Count 1** (as to Holt and Kirschke) and **Count 2** (as to Holt, Kirschke and Minor) shall proceed for further review.

**Count 3 – Failure to Intervene**

Plaintiff does not allege that Garnett was directly involved in the alleged retaliation. Rather, he alleges that, after receiving a grievance from Plaintiff, Garnett failed to intervene to correct the alleged constitutional violation. The allegations in the Complaint also suggest that the constitutional violation is ongoing because, as of the filing of the Complaint, Plaintiff was still prohibited from participating in the therapeutic programs.

The alleged mishandling or denial of grievances, standing alone, generally does not state a constitutional violation. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (denial or mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim.". A defendant who "rul[es] against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." *George v. Smith*, 507

F.3d 605, 609-10 (7th Cir. 2007). However, under certain circumstances, an inmate's correspondence to a prison official can trigger a duty to act to remedy an ongoing constitutional violation. *See Perez v. Fenoglio*, 792 F.3d 768,781-82 (7th Cir. 2015) (citing *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) ("[A] prison official's knowledge of prison conditions learned from an inmate's communications can, under some circumstances, constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition.")).

Although it is a close call, Plaintiff *may* have a plausible claim as to Garnett. Accordingly, **Count 3** shall proceed to allow for further development of the record.

### Pending Motions

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* has been granted. (Doc. 8). Accordingly, Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) shall be **DENIED** as unnecessary.

Plaintiff's Motion for Recruitment of Counsel (Doc. 4) shall be **REFERRED** to United States Magistrate Judge Reona J. Daly for a decision.

Plaintiff's Motion for Preliminary Injunction (Doc. 9) shall be **REFERRED** to United States Magistrate Judge Reona J. Daly for a decision.

### Disposition

**IT IS HEREBY ORDERED** that Defendant "John Doe Correctional Officers who hold the rank of Internal Affairs Officers at the Big Muddy River Correctional Center" is **DISMISSED** without prejudice. The Clerk of the Court is directed to terminate this Defendant as a party in CM/ECF.

**IT IS FURTHER ORDERED** that **COUNT 1** shall proceed as to **HOLT** and

**KIRSCHKE; COUNT 2** shall proceed as to **HOLT, KIRSCHKE** and **MINOR**; and **COUNT 3** shall proceed as to **GARNETT** in his individual capacity.

**IT IS FURTHER ORDERED** that **GARNETT** shall remain in this action in his official capacity for purposes of carrying out any injunctive relief that might be granted.

The Clerk of the Court shall prepare for Defendants **HOLT, KIRSCHKE, MINOR,** and **GARNETT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received

by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 4) and Motion for Preliminary Injunction (Doc. 9).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than

**7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: July 11, 2017**

<u>s/ Staci M. Yandle</u>
**District Judge**
**United States District Court**
