# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MINERLY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17-CV-520-SMY-RJD |
| CECIL HOLT, KAREN KIRSCHKE, DENISE MINOR, and JASON GARNETT, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge**

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Reona J. Daly, recommending that Plaintiff's motion for preliminary injunctive relief (Doc. 9) be denied (Doc. 34). Plaintiff filed a timely objection (Doc. 36). For the following reasons, the Court **ADOPTS** Judge Daly's R&R in its entirety.

### Background

Plaintiff Robert Minerly, an inmate currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), was admitted into the Volunteer Sex Offender Program ("VSOP") on May 20, 2011. He spent five years in the Program and achieved Phase IV which is the highest attainable treatment phase. Minerly also joined the aftercare group on June 29, 2016. The aftercare group is offered to individuals who have transitioned out of VSOP and demonstrate a desire to continue work on their sexual offending issues. Minerly was removed from VSOP on July 1, 2016 and was also terminated from the aftercare program for behavioral reasons on August 22, 2016. The aftercare program was eventually terminated at Big Muddy.

Minerly filed this action alleging that his removal from VSOP and the aftercare program was in direct retaliation for filing his grievance against the orange crush tactical team. He seeks monetary and injunctive relief prohibiting the Defendants from retaliating against him, or alternatively, in the form of a transfer to another prison facility.

On September 27, 2017, Judge Daly held a hearing on Minerly's motion for preliminary injunction. The R&R details the nature of the evidence presented by the parties as well as the applicable law. Judge Daly considered the evidence and concluded that Minerly failed to establish the elements required to obtain a preliminary injunction (*see* Doc. 34). Specifically, Judge Daly was not persuaded that Minerly will suffer irreparable harm in the absence of participating in the VSOP and aftercare programs. She credited the testimony of Dr. Holt who testified that Minerly had already received the maximum benefit from VSOP, that he was removed from the aftercare program due to behavioral reasons, and that Big Muddy no longer offers the aftercare program. Judge Daly also found that Plaintiff did not demonstrate a likelihood of success on the merits or that traditional legal remedies would be inadequate to compensate him for any alleged wrongdoing by the Defendants.

Since Minerly filed a timely objection, the undersigned must undertake a *de novo* review of Judge Daly's recommendation to deny his motion for preliminary injunction. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended

2

decision." *Id*. Consistent with these standards, the Court has reviewed Judge Daly's R&R *de novo*.

## Discussion

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). The purpose of such an injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Fahenm-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). In order to obtain a preliminary injunction, Minerly has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012), *citing Am. Civil Liberties Unions of Ill. v. Alvarez,* 679 F.3d 583, 589-90 (7th Cir. 2012).

In the context of prisoner litigation, the scope of the Court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer,* 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

As an initial matter, Minerly generally objects to the R&R and Judge Daly's previous denial of his Motion for Appointment of Counsel. However, the Court will not consider non-

specific objections or those outside the scope of the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Minerly also objects to and refutes the testimony of Dr. Holt. Specifically, Minerly objects to Dr. Holt's testimony regarding why he was removed from the aftercare and VSOP programs. He requests that the Court, instead, rely on the declaration of Hozy Whitehead, a fellow inmate at Big Muddy who also participated in VSOP and aftercare programs. Minerly attached Whitehead's Declaration to his objection (Doc. 36-1).

During hearings over which they preside, judges, including magistrate judges, are obviously in a position to assess a witness's credibility because they have the opportunity "to observe the verbal and nonverbal behavior of the witnesses . . . [including their] reactions and responses to the interrogatories, their facial expressions, attitudes, tone of voice, eye contact, posture and body movements." *Kraushaar v. Flanigan*, 45 F.3d 1040, 1052-53 (7th Cir. 1995). Here, Judge Daly credited the in-person testimony of Dr. Holt who testified that the Minerly was removed from the VSOP because he had obtained the maximum benefit from the program and that he was removed from the aftercare program because he was improperly using the program to engage in legal work with other prisoners. The Court finds no reason in the record to second-guess Judge Daly's credibility determinations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations"). Furthermore, a review of Whitehead's Declaration corroborates that Minerly was removed from the aftercare program for the reasons stated by Dr. Holt.

Finally, Minerly objects to Judge Daly's finding that he will not suffer irreparable harm in the absence of the treatment programs. He asserts that he benefitted from the VSOP and aftercare programs, that the reason he was removed from the programs was retaliatory, and that

the purpose of an injunction is to return him to the exact status prior to the adverse actions of the Defendants. As Judge Daly noted, in order to obtain a preliminary injunction, Minerly must demonstrate that he will suffer irreparable harm before a final resolution of his claims. The testimony elicited at the hearing was that Minerly had already received maximum benefit from VSOP and that Big Muddy no longer offered the aftercare program. Minerely does not disagree. It is well-established that preliminary injunctions are an "extraordinary and drastic remedy" requiring the movant to demonstrate its justification by a clear showing. *Mazurek,* 520 U.S. at 972. Minerly has failed to meet his burden.

After thoroughly reviewing the record before it, and for the foregoing reasons, the Court agrees with Judge Daly's analyses and conclusions and **ADOPTS** her Report and Recommendation (Doc. 34). Accordingly, Plaintiff's motion for preliminary injunction (Doc. 9) is **DENIED.**

    **IT IS SO ORDERED.**

    **DATED: January 22, 2018**

                                            **s/ Staci M. Yandle**
                                            **STACI M. YANDLE**
                                            **United States District Judge**