IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT MINERLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-520-SMY-RJD |
| | ) | |
| CECIL HOLT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Robert Minerly brings this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Big Muddy River Correctional Center ("Big Muddy"). Plaintiff alleges that he was removed from the Voluntary Sex Offender Program ("VSOP") at Big Muddy after filing a civil rights lawsuit on July 8, 2016. Plaintiff also alleges he was "kicked out" of an aftercare program in retaliation for providing instructions to certain inmates to submit declarations in support of his civil rights lawsuit. Plaintiff is proceeding in this case on the following counts:

Count One: Holt and Kirschke retaliated against Plaintiff for pursing the 2016 civil rights action by removing him from VSOP.

Count Two: Holt, Kirschke, and Minor retaliated against Plaintiff for pursuing the 2016 civil rights action by removing him from the aftercare program.

Count Three: Garnett failed to intervene to correct the retaliatory conduct (Plaintiff's removal from VSOP and the aftercare program).

This matter is now before the Court on Plaintiff's Motion to Compel Discovery (Doc. 69) and Defendants' Motion to Reconsider Court's October 22, 2018 Order and Allow Defendants to Object to Plaintiff's Written Discovery Requests (Doc. 76). Plaintiff's Motion to Compel is

**FOUND AS MOOT IN PART AND DENIED IN PART** and Defendants' Motion to Reconsider is **GRANTED**.

## Background

Pursuant to the Court's Scheduling and Discovery Order, discovery was to be completed by September 20, 2018 (Doc. 28). Plaintiff propounded various written discovery requests, including requests for documents, requests for admissions, and interrogatories on January 12, 2018, August 17, 2018, and August 22, 2018[1]. Defendants received extensions of time to respond to Plaintiff's written discovery requests (Docs. 47, 51, 70, 73, and 75). Due to the repeated extensions sought by Defendants, the Court ordered Defendants to respond to Plaintiff's August 22, 2018 requests without objection (Doc. 75).

Now before the Court is Plaintiff's Motion to Compel Discovery (Doc. 69) and Defendants' Motion to Reconsider the Court's October 22, 2018 Order and Allow Defendants to Object to Plaintiff's Written Discovery Requests (Doc. 76). In his motion to compel, Plaintiff asserts he served Defendants' counsel with requests for production of documents and interrogatories on January 12, 2018. Defendants did not respond within thirty days, nor did they move for an extension of time to respond. Plaintiff explains he wrote a follow-up letter asking Defendants to respond to his requests by March 12, 2018. Before Plaintiff could file a motion to compel, Defendants moved for an extension of time to respond to the requests. The Court granted Defendants' motion, setting their deadline to respond for April 2, 2018. Defendants provided responses to Plaintiff's requests for documents, as well as responses to Plaintiff's interrogatories

---

[1] There are some references in the record to August 23, 2018 discovery requests. This date is only mentioned in error. The relevant requests are dated August 22, 2018 and the Court will use the August 22, 2018 date throughout this Order.

directed to Defendant Holt by the April 2, 2018 deadline. Defendant Kirschke sought (and was granted) an additional extension of time to answer Plaintiff's interrogatories, and she subsequently provided her responses in a timely manner. Plaintiff posits that Defendants' objections to his January 12, 2018 requests must be waived as a result of their failure to timely move for an extension of time to respond. Plaintiff also asserts that he served Defendants with requests for admissions on August 17, 2018 that were not answered and he served Defendants Holt, Kirschke, Garnett, and Minor with requests on August 22, 2018 that were not answered.

Defendants did not respond to Plaintiff's motion; rather, they filed a motion to reconsider (Doc. 76). In their motion, counsel for Defendants further explained the delay in providing responses to Plaintiff's discovery requests, citing caseload issues. Counsel also indicated he provided drafts of the responses to a supervising attorney for approval, who determined certain edits were needed. As a result, he again sought an extension of time to respond, which was met with the Court's order that the requests be responded to without objection. Defendants assert that they sent their discovery responses to Plaintiff on October 31, 2018, but were unable to respond without objection. Defendants ask that their objections stand as the delay in responding to discovery requests was caused solely by counsel and not Defendants themselves.

## **Discussion**

As a preliminary matter, the Court addresses the proper scope of discovery. The scope of discovery is set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The current language of the Rule provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The Supreme Court has cautioned that the requirement under Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where necessary. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *see also Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003). However, "relevancy" for discovery purposes is construed broadly to encompass matters that bear on, or reasonably could lead to other matters that could bear on, any issue in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). "Relevance is not inherent in any item of evidence, but exists only as a relation between an item of evidence and the matter properly provable in the case." *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F.Supp.3d 711, 722 (N.D. Ill. Jan. 6, 2014) (citation omitted).

Generally, when a party objects to a discovery request, it is its burden to show why the request is improper. *Meyer v. Southern Pacific Lines*, 199 F.R.D. 610, 612 (N.D. Ill. 2001). In evaluating such a dispute, the court should independently and objectively weigh the opposing arguments and the "totality of the circumstances, weighing the value of material sought against the burden of providing it," but ultimately, "district courts have broad discretion in matters relating to discovery." *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007). With respect to timing requirements, Federal Rules of Civil Procedure 33, 34, and 36, answers and objections must be served within 30 days of receipt unless otherwise agreed or ordered by the court. Courts have held that an objection that is not timely filed, and for which the delay does not have good

cause, may be waived. *Autotech Technologies LP v. Automation-direct.com, Inc.*, 236 F.R.D. 396, 398 n. 2 (N.D. Ill. 2006). The imposition of waiver of objections for untimely discovery responses is a "harsh sanction," and, consequently, is reserved "for cases where the offending party was guilty of unjustified delay when responding to discovery." *Sajda v. Brewton*, 265 F.R.D. 334, 338 (N.D. Ind. 2009).

First, the Court finds Defendants provided responses to Plaintiff's following discovery requests:

1. Interrogatories directed to Defendant Kirschke dated January 12, 2018 were responded to on April 23, 2018 (Doc. 69-1 at 39-43).

2. Interrogatories directed to Defendant Holt dated January 12, 2018 were responded to on April 2, 2018 (Doc. 69-1 at 44-49).

3. Requests for production of documents dated January 12, 2018 were responded to on April 2, 2018 (Doc. 69-1 at 50-53).

4. Requests for Admissions directed to Defendant Kirschke dated August 17, 2018 were responded to on October 31, 2018 (Doc. 76-2 at 26-29).

5. Requests for Admissions directed to Defendant Holt dated August 17, 2018 were responded to on October 31, 2018 (Doc. 76-2 at 21-25).

6. Requests for Admissions directed to Defendant Garnett dated August 17, 2018 were responded to on October 31, 2018 (Doc. 76-2 at 16-20).

7. Requests for Admissions directed to Defendant Minor dated August 17, 2018 were responded to on October 31, 2018 (Doc. 76-2 at 30-33).

8. First Set of Interrogatories directed to Defendant Minor dated August 22, 2018 were responded to on October 31, 2018) (Doc. 76-2 at 47-51, 65-68).

9. First Set of Interrogatories directed to Defendant Garnett dated August 22, 2018 were responded to on October 19, 2018 (Doc. 76-2 at 34-38, 52-56).

10. Requests for Production of Documents dated August 22, 2018 were responded to on October 31, 2018 (Doc. 76-2 at 1-15).

11. Second Set of Interrogatories directed to Defendant Holt dated August 22, 2018 were responded to on October 19, 2018 (Doc. 76-2 at 39-43, 57-60).

12. Second Set of Interrogatories directed to Defendant Kirschke dated August 22, 2018 were responded to on October 31, 2018 (Doc. 76-2 at 44-46, 61-64).

Based on a review of the record, it appears Plaintiff received responses to each of his discovery requests by October 31, 2018. Aside from Defendants' failure to respond to the requests, Plaintiff makes no specific objection to any of the responses (although the Court notes many of the responses were not received until after Plaintiff filed his motion to compel). Plaintiff's only particular complaint is that Defendants should not be allowed to object to any of his requests due to the untimeliness of their responses. This is also the issue addressed in Defendants' motion to reconsider.

First, the Court finds that any objections to Plaintiff's discovery requests served on January 12, 2018 were timely based on the Court's orders granting extensions of time to respond to the same. Plaintiff's assertion that Defendants cannot seek to extend time after the deadline to respond has passed is incorrect. Pursuant to Federal Rule of Civil Procedure 6(b), time may be extended after the deadline has passed where excusable neglect is found. Because Defendants were granted an extension of time to respond to Plaintiff's January 12, 2018 requests and ultimately responded to the requests within the time ordered by the Court, there is no basis on which to strike their objections or compel any further responses.

With respect to the Court's Order that Defendants provide responses to Plaintiff's remaining requests without objection, Defendants' motion to reconsider is well taken. Counsel for Defendants articulated good cause for the delay in providing responses to Plaintiff's discovery requests that was not included in their motions for extensions of time. Thus, Defendants have adequately justified the delay in providing the responses and the Court finds that waiver of the objections is too harsh a sanction in this instance, particularly because the objections are well-founded and meritorious.

For these reasons, the Court **FINDS AS MOOT IN PART AND DENIES IN PART** Plaintiff's Motion to Compel and **GRANTS** Defendants' Motion to Reconsider. No further action with respect to Plaintiff's discovery requests need be taken.

**IT IS SO ORDERED.**

**DATED: May 31, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**