# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT MINERLY, )
# K63470, )
)
)
       Plaintiff, )
)
vs. ) Case No. 17-cv-520-SMY
)
CECIL HOLT, )
KAREN KIRSCHKE, )
DENISE MINOR, AND )
JASON GARNETT, )
)
       Defendants. )

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Robert Minerly, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Robinson Correctional Center ("Robinson"), filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He seeks relief for alleged retaliatory conduct while he was housed at Big Muddy River Correctional Center ("Big Muddy"). Defendants have filed a motion seeking summary judgment. (Doc. 83).

This matter is now before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 94), recommending that Defendants' Motion for Summary Judgment be granted in part and denied in part. Defendants Holt and Kirschke filed a timely Objection (Doc 96). For the following reasons, Judge Daly's Report and Recommendation is **ADOPTED in part and REJECTED in part**.

## Background

Plaintiff Robert Minerly was housed at Big Muddy between 2011 and 2017.[1] On July 8, 2016, he signed and submitted for scanning a Complaint (lawsuit) against several staff members at Big Muddy, including Nick Nalley. (*See Minerly v. Nalley, et al.,* 16-cv-782-MJR-SCW) ("Nalley Case"). Two days later, Plaintiff was removed from the Voluntary Sex Offender Program ("VSOP") by Defendant Kirschke who told Plaintiff she had been instructed to remove him from the program and that if "a certain person [got] wind that he was still in the program she would have to 'justify it'"--- something she was unwilling to do. Kirschke never identified who the "certain person" was, but under the circumstances, Plaintiff assumed it was Nalley. As a result of being removed from VSOP, Plaintiff was rehoused in general population.

During a hearing in this case, Defendant Dr. Holt testified that Plaintiff was removed from VSOP because he "had achieved maximum treatment benefit." Kirschke testified in a deposition in the 2016 lawsuit that Plaintiff was removed because he was one of the older members of the program, having been there approximately five years.

After being removed from VSOP, Plaintiff continued to attend the Aftercare program, a once-a-week treatment group for those "who have gone as far as they can go in the VSOP Program" which "allows them to continue working on their sex offender issues[.]" On August 19, 2016, immediately after an Aftercare session, Plaintiff received declarations from other inmates who witnessed the events at issue in the 2016 lawsuit. He was then removed from the Aftercare program. Dr. Holt testified that Plaintiff was removed from the Aftercare program because he was conducting legal activities during group times.

Defendants Holt, Kirschke, Minor and Garnett filed for summary judgment (Doc. 83) and

---

[1] A full account of Plaintiff's subsequent medical care is detailed in the "Findings of Fact" section of Judge Daly's Report (Doc. 94, pp. 1-4). Because no objection has been made to that portion of the Report, the Court adopts those findings of fact and will only summarize the relevant facts herein.

Plaintiff filed a Response (91). Judge Daly issued a Report and Recommendation (Doc. 94), recommending that summary judgment be granted for Minor and Garnett but denied for Holt and Kirschke. No objection has been filed challenging the recommended dismissal of Minor and Garnett. However, Dr. Holt and Kirschke filed a timely objection (Doc. 95), to which Plaintiff did not respond.

## Discussion

Because Dr. Holt and Kirschke filed a timely objection to the Report, this Court must undertake a *de novo* review of Judge Daly's findings and recommendations. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). De novo review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id.* Consistent with these standards, the Court has conducted a de no review of those portions of the Report subject to objection.

Dr. Holt and Kirschke raise three challenges to Judge Daly's legal conclusions. First, they challenge the finding that there is a genuine issue of material fact as to whether the VSOP removal was retaliatory, based on the chronology of the case. Second, they take issue with Judge Daly's conclusion that they did not furnish an adequate non-retaliatory motive for Plaintiff's removal from Aftercare. Finally, they take issue with the denial of qualified immunity.

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). To prevail on a First Amendment retaliation claim, a plaintiff must show that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). At the summary judgment stage, the burden of proving causation rotates between the parties. *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012). Initially, in order to establish a prima facie case, the plaintiff must produce evidence that his speech was at least a "motivating" factor in the defendant's decision to take retaliatory action. *Id*. Plaintiff may meet his burden by presenting either direct or circumstantial evidence. In other words, evidence from which a trier of fact may infer that retaliation occurred, including suspicious timing or ambiguous oral or written statements. *Kidwell*, 679 F.3d at 965. (quotations and citations omitted). The burden then shifts to the defendant to rebut the causal inference raised by the plaintiff's evidence and to show that the harm would have occurred anyway, despite the protected activity. *Id.* If the defendant fails to counter the plaintiff's evidence, then the defendant's retaliatory actions are considered a "necessary condition" of the plaintiff's harm, and the plaintiff is deemed to have established the "but-for" causation needed to succeed on his claim. *Id.*

## VSOP

Dr. Holt and Kirschke contend that Plaintiff has not made a submissible case of retaliation with respect to his VSOP removal because he has not established causation. In particular, they argue the chronology of events suggests no connection between Plaintiff's removal and his filing of the 2016 Nalley lawsuit. They first address the "suspicious timing" aspect, noting that Plaintiff

4

submitted the Complaint in the Nalley lawsuit on July 8, 2016, but it was not entered into the Court's CM/ECF system until July 13th – 3 days after he was terminated from the VSOP. They also point out that requests for waivers of service (the first formal notification to the defendants in that case) were not served until August 12, 2016. They suggest these facts cut against the claim that the VSOP termination was in retaliation for filing the lawsuit. While this chronology does make it less likely that the termination was a reaction to the suit, it does not foreclose the possibility. While the procedures of the Court and the rules regarding service are intended to provide a defendant with notice of the claims against them, they are not the only means by which a defendant may learn that a lawsuit has been filed.

That said, Plaintiff has failed to produce sufficient evidence that his filing of the Nalley lawsuit was a motivating factor in his removal from VSOP. "A plaintiff must establish a causal connection between the government defendant's retaliatory animus and the plaintiff's subsequent injury." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (*citing Hartman v. Moore*, 547 U.S. 250, 259 (2006)). In cases relying on suspicious timing, the plaintiff must show that the adverse action followed "close on the heels" of the protected activity, and that the person who took the adverse action knew of the protected conduct. *Kidwell*, 679 F.3d at 966.

Plaintiff's termination from the VSOP satisfies the "close on the heels" requirement. But, even accepting Plaintiff's assumption that his removal was essentially ordered by Nalley, he presents no evidence to suggest that Nalley knew the lawsuit had been filed at that time. Kirschke's "vague statement" implicates Nalley in the decision to remove him from the VSOP but does nothing to tie Nalley's action *to the protected activity*. While Plaintiff is entitled to all reasonable inferences in his favor, "inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Herzog v. Graphic Packaging Int'l, Inc.*, 742 F.3d 802, 806

5

(7th Cir. 2014). In order to find in Plaintiff's favor, a jury would have to speculate that Nalley found out Plaintiff had filed suit against him prior to the appearance of the case on the Court's system, and that Nalley's desire to have him removed from the VSOP was motivated by the filing of the lawsuit, rather than a non-protected activity. As such, summary judgment is appropriate on the issue of Plaintiff's removal from the VSOP and the Court rejects this portion of Judge Daly's recommendation.

**Aftercare Program**

Kirschke and Dr. Holt concede that Plaintiff was removed from the Aftercare program for discussing declarations for the Nalley lawsuit with other prisoners. They argue however that the removal was not retaliatory or intended to chill First Amendment rights but was instead motivated by the fact that he was discussing the lawsuit during time that was supposed to be devoted to treatment. Judge Daly concluded that because Dr. Holt and Kirschke did not identify any particular rule or policy justifying that action, and because Plaintiff contends that treatment time was intended to allow discussion of various subjects, they had not rebutted Plaintiff's prima facie case. This Court reaches the same conclusion.

Defendants are correct that there is no requirement that a defendant point to a specific rule or policy as the reason for their actions, just that he "show that the same decision would have been made in the absence of the protected speech." *Zellner v. Herrick*, 639 F.3d 371, 379 (7th Cir. 2011). However, at the summary judgment stage, a plaintiff may rebut such a justification with "evidence upon which a rational finder of fact could infer that the defendant's proffered reason is a lie." *Vukadinovich v. Board of School Trustees*, 278 F.3d 693, 699 (7th Cir. 2002). Here, Plaintiff contends that Aftercare discussions were not limited to only directly therapeutic discussions but were open to any number of topics. A rational finder of fact could reasonably

6

conclude that if Aftercare was a free discussion zone, Dr. Holt and Kirschke's stated reason for Plaintiff's removal from the program is pretextual. As such, summary judgment is inappropriate on this ground.

## Qualified Immunity

Dr. Holt and Kirschke also object to Judge Daly's conclusion that they were not entitled to qualified immunity. Qualified immunity is an affirmative defense, but once it is raised the burden shifts to Plaintiff to defeat it. *Sparing v. Vill. of Olympia Fields*, 266 F.3d 684, 688 (7th Cir. 2001). To overcome qualified immunity, the facts viewed in the light most favorable to Plaintiff must "show that the defendant[s] violated a constitutional right" and that "the right was clearly established at [that] time." *Estate of Clark v. Walker*, 865 F.3d 544, 550 (7th Cir. 2017).

The Report and Recommendation concludes that removing Plaintiff from the VSOP and Aftercare program for "filing and pursuing a civil rights lawsuit" was a violation of a clearly established right. The Court agrees that the filing of the Nalley lawsuit was clearly established as protected activity giving rise to a First Amendment right. The Court finds that the characterization of Plaintiff's actions in obtaining declarations as "pursuing a civil rights lawsuit" is too broad for a meaningful qualified immunity analysis. "[T]he clearly established right must be defined with specificity." *City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 503 (2019). *See also Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015). While a plaintiff is not required to cite "a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (quotations omitted).

Here, Plaintiff's action was obtaining written declarations from other inmates in support of his lawsuit. The question of whether he was doing so during Aftercare meetings or simply

7

collected them after one of the meetings is disputed, and so Plaintiff will be afforded the benefit of the inference that it was the latter. Although the Court cannot find any cases directly holding that soliciting and receiving such affidavits or declarations is "protected activity" for First Amendment retaliation purposes, making such a declaration clearly is. *See Bridges v. Gilbert,* 557 F.3d 541, 551 (7th Cir. 2009). To hold that soliciting and receiving such affidavits is not protected (when conducted in a manner consistent with a plaintiff's status as a prisoner) is simply illogical. It would make the right to petition for redress pointless, because prisoners would be allowed to file suit but could be punished for any attempt to gather admissible evidence to support such a claim. The Court sees no reasonable debate on this point. Therefore, qualified immunity is not available to Dr. Holt and Kirschke on the record as it stands.[2]

## Disposition

For the foregoing reasons, the Court **ADOPTS IN PART** Judge Daly's Report and Recommendation. (Doc. 94). Defendants' Motion for Summary Judgment (Doc. 83) is **GRANTED in part**; Summary judgment is **GRANTED** in favor of Defendants Cecil Holt and Karen Kirschke on Count 1 and **DENIED** on Count 2. Defendants Jason Garnett and Denise Minor are **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment in favor of Defendants Garnett and Minor at the close of this case.

**IT IS SO ORDERED.**

**DATED: March 30, 2020**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**

---

[2] This is not to say a prisoner has free rein to take any steps they deem appropriate to gather evidence for their suit. Even the exercise of otherwise-protected First Amendment rights is subject to limitations for legitimate penological interests—a prisoner must exercise those rights "in a manner consistent with his status as a prisoner." *Watkins v. Kasper*, 599 F.3d 791, 797 (7th Cir. 2010). However, the record as it must be viewed on summary judgment does not reflect that Plaintiff's requesting or obtaining the declarations was inconsistent with prison discipline.